**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 04a0051n.06**
**Filed: October 28, 2004**

**No. 04-2172**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| Ralph Nader; Peter Miguel Camejo; Ralph Nader for President 2004; Reform Party of the United States of America; Shawn O'Hara, | ) ) ) ) ) | |
| Plaintiffs-Appellants, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) ) | |
| Terri Lynn Land, Michigan Secretary of State; Matthew Crehan, | ) ) ) | |
| Defendants-Appellees. | ) | |

**Before: RYAN, COLE, and ROGERS, Circuit Judges.**

**Rogers, Circuit Judge.** This motion to expedite appeal involves an attempt by Ralph Nader and the Reform Party of the United States of America ("Reform Party") to direct the Secretary of State of Michigan to certify Ralph Nader and Peter Camejo as the Reform Party candidates for President and Vice President and to place them on the Michigan ballot as the candidates of that party. Because the plaintiffs have not proceeded expeditiously, we deny the motion.

On May 11, 2004, the Reform Party nominated Ralph Nader as its presidential candidate for the 2004 election. Peter Camejo was subsequently named as Nader's running mate. On June 25, 2004, John Muntz and Eleanor Renfrew, claiming that they were respectively the chair and secretary of the Michigan Reform Party, certified to the Michigan Secretary of State, Terri Land, their party's

nomination of Nader and Camejo. On July 6, 2004, Matthew Crehan sent a letter to Secretary of State Land, claiming that he was the real chair of the Michigan Reform Party, and that the certifications of Nader and Camejo were fraudulent because the Michigan Reform Party had not nominated anyone for President. On July 8, the National Chair of the Reform Party, Shawn O'Hara, sent a letter to Secretary of State Land certifying that Muntz was the elected chair of the Michigan Reform Party. Secretary of State Land sent a letter to Muntz and Crehan, stating that because there was a dispute as to who the real chair was of the Michigan Reform Party, she could not accept the certification of Nader's candidacy.[1] Nader, Camejo, the Reform Party, and its Chair, Shawn O'Hara, filed suit in federal district court seeking declaratory and injunctive relief that, *inter alia*, would require Secretary Land to accept the certifications of Nader and Camejo and to list them on the ballot as the candidates of the Reform Party. Plaintiffs moved for an order to show cause why relief should not be granted. The district court denied Plaintiffs' motion for an order to show cause because Nader has already sought and accepted a position on the ballot as an independent candidate for president. The district court determined that Nader cannot now seek to be on the ballot as a Reform Party candidate, as Michigan law prohibits a candidate from seeking nominations on both independent and party columns.

We deny the motion to expedite this appeal, principally because the plaintiffs have not proceeded expeditiously. Plaintiffs allowed six weeks to pass between the appealed-from order and

---

[1]The dispute over control of the Reform Party of Michigan dates to a split in the party during the 2000 presidential election over the Reform Party's nomination of Pat Buchanan for president.

the motion to expedite. The order was entered on September 2, 2004, and the plaintiffs filed a notice

of appeal on September 10, 2004. Plaintiffs did not seek to expedite the appeal until the instant

motion was filed on October 15, 2004. The election is set for November 2, 2004. It is within our

discretion not to expedite an appeal where the appellants have delayed such a long time for no stated

or apparent reason.

We do not resolve at this stage a serious question as to our appellate jurisdiction. Nader and

the Reform Party do not appeal from a final order of the district court. They appeal from the denial

of a show cause order rather than from the denial of a motion for an injunction. The order appealed

from is interlocutory and as such can only be appealed if it grants, continues, modifies, refuses or

dissolves *an injunction.* 28 U.S.C. § 1292(a)(3). Neither the district court order nor the transcript

of the ruling from the bench even mentions injunctive relief, and appellate jurisdiction therefore

appears to be lacking under § 1292(a)(3). We reserve final judgment on whether the court lacks

jurisdiction, however, pending briefing or a properly filed motion to dismiss.

Motion DENIED.